IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CYNTHIA POAKWA,  :

    Petitioner  :

v  :  Civil Action No. RWT-09-2603
(Related Crim. Case: RWT-07-141)

UNITED STATES OF AMERICA  :

    Respondent  :

oOo

## MEMORANDUM OPINION

The above-captioned Motion to Vacate was filed on October 5, 2009. Paper No. 56. Petitioner seeks to challenge her conviction on four counts of aiding and abetting the filing of false tax returns. Petitioner was sentenced on May 13, 2009, and a notice of appeal was filed on May 21, 2009. Paper Nos. 40 and 42. The appeal is still pending with the Fourth Circuit Court of Appeals. See United States v. Poakwa, No. 09-4472 (4th Cir. 2009).

Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending. See Rules Governing § 2255 Proceedings, Rule 5, advisory committee note; see also United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir.1980); United States v. Davis, 604 F.2d 474, 484 (7th Cir.1979); Jack v. United States, 435 F.2d 317, 318 (9th Cir.1970); Welsh v. United States, 404 F.2d 333 (5th Cir.1968); Womack v. United States, 395 F.2d 630, 631 (D.C.Cir.1968); Masters v. Eide, 353 F.2d 517 (8th Cir.1965). Courts have found extraordinary circumstances in the following situations: 1) when a conflict exists between "state and federal authorities on a question of law involving concerns of large importance affecting their respective jurisdictions," Bowen v. Johnston, 306 U.S. 19, 27, 59 S.Ct. 442, 446 (1939); 2) when the Government is unable to support critical

factual representations it has made on the record, see United States v. Taylor, 648 F.2d 565, 572 (9th Cir.1981); and/or 3) when ineffective assistance of counsel can only be placed by way of a § 2255 motion, because the ineffectiveness is discovered during the pendency of the appeal but after the time for the new trial has lapsed. See United States v. Tindle, 522 F.2d 689, 692-93 (D.C.Cir.1975).

Petitioner asserts that she should have only been convicted of one count, rather than three because "all of the other three counts are in agreement with the IRS for repayment." Paper No. 56. The claim does not present an extraordinary circumstance that warrants consideration during the pendency of Petitioner's appeal. Accordingly, the Motion shall be dismissed without prejudice by separate order which follows.

November 2, 2009
Date

ROGER W. TITUS
UNITED STATES DISTRICT JUDGE